IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ISIAH LUCAS, JR.,

      Petitioner,                      No. CIV S-03-5700 ALA HC

   vs.

GAIL LEWIS, Warden,

      Respondent.                  <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently serving two consecutive sentences of 25 years to life after being found guilty of two counts of receiving or concealing stolen property in violation of California's three strikes law.

        On August 5, 2002 and November 14, 2002 prison staff requested that Petitioner submit DNA samples of blood and saliva as well as palm prints as mandated by California Penal Code § 295. Both times Petitioner refused citing constitutional and religious reasons. As a result Petitioner was denied "good time" credits. Petitioner challenged this action before the Supreme Court of California, which denied his petition. Answer, Ex. C at 1. Petitioner now asks this court to "have that of his "points" [be] restored back to that of the original state, as 18 points was (sic) added to Petitioner['s] custody status due to that of the [Displainary] (sic) action

1

via the CDC 115[s]." Amended Petition at 1.  For the reasons set forth below, Petitioner's petition is denied.

**I**

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result. *Early v. Packer*, 537 U.S. 3, 8 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal court may grant an application for a writ of habeas corpus if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Williams*, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

A federal court looks to the last reasoned state court decision as the basis for the

state court judgment. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal court must independently review the record to determine whether habeas corpus relief is available under section 2254(d). *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). On this matter there is no reasoned state court opinion. Thus this court will conduct an independent review of the record.

**II**

In his petition, Petitioner references his personal and religious beliefs, the constitutional restrictions on the powers of Congress, the Fourth Amendment protections against unreasonable search and seizure, as well as the Constitution's prohibition against ex post facto laws. What appears most central to Petitioner's claim is that California Penal Code § 295 violated Petitioner's federal due process rights. While Petitioner has not provided reasoned support for these allegations, Petitioner seems to be impliedly arguing that he has a liberty interest in freedom from the loss of good time credits.

A protected liberty interest may arise under either the Due Process Clause itself or a state statute or regulation. *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Hewitt v. Helms*, 459 U.S. 460, 466 (1983). Petitioner does not have a protected liberty interest in behavioral credits under the Due Process Clause itself. *See Sandin v. Connor*, 515 U.S. 472, 478 - 479 (1995); *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Thus, he must show that his liberty interest arises under state law.

A liberty interest arises under state law when an inmate is subjected to restrictions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995). The loss of credits "inevitably affect[s] the duration of [Petitioner's] sentence." *Id.* at 487. Thus, the loss of credits involves a right of "real substance," which implicates Petitioner's liberty interest under the Due Process Clause. *Gotcher v. Wood*, 66 F.3d 1097, 1100 (9th Cir. 1995), *vacated and remanded on other*

*grounds*, 520 U.S. 1238 (1997) (loss of good time credits implicated a liberty interest under *Sandin*); *see also Wolff*, 418 U.S. at 557 (a prisoner's interest in good time credit had "real substance" and thus entitled him to the protection of the Due Process Clause).  In this case, however, Petitioner is serving consecutive sentences of 25 years to life with the possibility of parole.  Respondents contend that, under these circumstances, a credit loss would not effect the length of Petitioner's sentence because the duration of Petitioner's sentence is solely within the discretion of the Board of Prison Terms.

The possibility of denial of parole at some later date does not amount to the denial of a liberty interest.  In *Sandin*, the court concluded that a possible loss of credits due to a disciplinary conviction was insufficient to give rise to a liberty interest where "[n]othing in Hawaii's code requires the parole board to deny parole in the face of a misconduct record or to grant parole in its absence, (citation omitted), even though misconduct is by regulation a relevant consideration." *Sandin*, 515 U.S. at 487.  The Court noted, "[t]he decision to release a prisoner rests on a myriad of considerations," and an inmate is generally "afforded procedural protection at his parole hearing in order to explain the circumstances behind his misconduct record." *Id.* at 487.  The Court held: "[t]he chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Id.*  After *Sandin*, in order to demonstrate a liberty interest an inmate must show that a disciplinary conviction will inevitably lengthen the duration of the inmate's incarceration. *Id.*  Petitioner has not made this showing.

**CONCLUSION**

IT IS HEREBY ORDERED that Petitioner's petition for habeas corpus relief under § 2254 is denied.

DATED: September 7, 2007

/s/ Arthur Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

4